IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK E. IDSTROM,  )
                     Plaintiff,  )
                       )
v.  )    Case No. 19-cv-2013-JAR-TJJ
                       )
GERMAN MAY, PC, CHARLES W.  )
GERMAN, BRANDON J.B.  )
BOULWARE, DANIEL HODES, and  )
JOHN DOES 1-10,  )
                     Defendants.  )

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion for Sanctions Under Fed. R. Civ. P. 11 (ECF No. 9). The motion is now fully briefed, and the Court is prepared to rule. For the reasons discussed below, the Court denies the motion.

### I. Background

Plaintiff filed his Complaint on January 11, 2019, alleging three claims: legal malpractice, breach of fiduciary duty, and violations of the Kansas Consumer Protection Act.[1] Plaintiff's claims stem from Defendants' representation of him in a lawsuit styled *Idstrom v. Alliance Radiology, et al.*, Case No. 12 CV 03757, Johnson Country, Kansas District Court ("the Johnson County case"). Plaintiff's Complaint includes approximately 27 pages of "factual allegations," spanning 106 paragraphs, and including approximately 20 headings within the factual allegations.[2] As part of his factual allegations in this case, Plaintiff discusses the trial in the Johnson County case and subsequent appeal to the Kansas Court of Appeals. Plaintiff alleges

---

[1] ECF No. 1.

[2] *See id.* at 3–30, ¶¶ 16–122.

that the Court of Appeals, in an opinion filed January 13, 2017, "suggest[ed] that German May made mistakes negatively impacting three of [Plaintiff's] cross-appeal points."[3] German May notified Plaintiff in a January 24, 2017 letter of these findings and informed him that "[t]hese mistakes, taken as true, could arguably give rise to a claim for malpractice and damages against German May for the damages on the claims precluded by the Opinion."[4] German May further informed Plaintiff of "a concurrent conflict of interest between German May and [Plaintiff]" as a result of the existence of the potential malpractice claim.[5]

Defendants' instant motion for sanctions contends Plaintiff made "allegations that are presented for an improper purpose, namely, to harass Defendants," in violation of Fed. R. Civ. P. 11(b)(1), and "that any claims based on those allegations are not warranted by existing law or on any other basis," in violation of Fed. R. Civ. P. 11(b)(2). Specifically, Defendants object to one heading that states, "GM's Conflict of Interest," and two paragraphs that follow the heading, which include portions of the January 24, 2017 letter.[6] They argue the Complaint is seriously misleading in that it fails to mention German May informed Plaintiff of the conflict of interest and that Plaintiff executed the January 24, 2017 letter, waiving the concurrent conflict and authorizing GM to handle any further processing of the appeal.[7] Thus, Defendants contend the heading and following paragraphs were included "to harass the Defendants."[8] They further argue "[b]eing accused of proceeding with a representation in the face of a conflict unquestionably

---

[3] *Id.* at 29, ¶ 120. *See also* ECF No. 9 at 3, ¶ 9 (referred to by Defendants as the "January 24, 2017 letter"); ECF No. 9-2 at 1. The Court will also refer to this document as the "January 24, 2017 letter" for purposes of this Order.

[4] ECF No. 9-2 at 2.

[5] *Id.*

[6] ECF No. 1 at 29, ¶¶ 119–120.

[7] ECF No. 9 at 5, ¶ 12.

[8] *Id.* at 7.

2

places a law firm in an extremely bad light, particularly given that litigation attorneys in the community receive daily reports on new filings and filings are readily available electronically," and the conflict of interest allegation was not necessary for Plaintiff to state a claim.[9]

Plaintiff argues the heading and following paragraphs were simply part of the factual background of the case, and it was necessary for him to include "all relevant facts and allegations – as required by the pleading rules in federal court . . . ."[10] Plaintiff further states the heading was included to tell the reader about the Court of Appeals decision and German May's subsequent actions. Plaintiff also points out that his Complaint does not allege Defendants failed to inform him of the conflict of interest or that he did not waive the conflict. Plaintiff maintains "[t]he heading was not included to 'harass' defendants and it is factually true."[11]

## II. Analysis

Defendants seek sanctions pursuant to Fed. R. Civ. P. 11(b)(1), which states in relevant part:

> By presenting to the court a pleading . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . .

Defendants cite *Steele v. Hill's Pet Products, Inc.*, which states, "The standard for determining whether Rule 11 has been violated is objective reasonableness or whether a reasonable attorney would file such a pleading."[12] That case goes on to state, "A motion for Rule

---

[9] ECF No. 15 at 2.

[10] ECF No. 13 at 3.

[11] *Id.*

[12] No. 87-1341-C, 1990 WL 25298, at *1 (D. Kan. Feb. 15, 1990).

11 sanctions should specify the pleadings or motions alleged to be in violation, the basis of the violation (law, fact, or improper purpose), and the arguments or evidence supporting the alleged violation."[13] Defendants' only argument seems to be that Plaintiff did not plead that he waived the conflict, and none of his claims "concern anything that occurred after the Kansas Court of Appeals Opinion."[14] In their Reply, Defendants argue the heading places them "in an extremely bad light."[15]

The Court finds Plaintiff's heading is true—German May did tell Plaintiff that it had a concurrent conflict. And, the following paragraphs are pertinent to Plaintiff's allegations, as they reflect the negative findings of the Court of Appeals regarding German May and German May's resulting concerns that were conveyed to Plaintiff in the January 24, 2017 letter. Even though the Complaint does not mention Plaintiff waived the conflict, the Court finds this omission is not significant given the conflict is not a basis for any of the claims asserted against Defendants. Additionally, the Complaint includes considerable detail, most of it negative relative to Defendants' handling of Plaintiff's legal matters. The heading and paragraphs at issue are a relatively minor part of the overarching allegations against Defendants. Further, Plaintiff explains the disputed heading and paragraphs were included as factual background—to show the Court of Appeals raised three concerns regarding Defendants' representation of Plaintiff that are among the bases for claims asserted in the Complaint.[16] The Court agrees this is an accurate characterization.

---

[13] *Id.*
[14] ECF No. 9 at 6–7.
[15] ECF No. 15 at 2.
[16] ECF No. 13 at 3.

The Court finds no indication that the heading and paragraphs at issue were presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation pursuant to Fed. R. Civ. P. 11(b)(1).  Nor does the Court find the disputed heading and paragraphs are the basis for any unwarranted or frivolous claims asserted pursuant to Fed. R. Civ. P. 11(b)(2). Therefore, Defendants' motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion for Sanctions Under Fed. R. Civ. P. 11 (ECF No. 9) is denied.

**IT IS SO ORDERED.**

Dated June 18, 2019, at Kansas City, Kansas.

*[signature]*

Teresa J. James
U. S. Magistrate Judge