# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK E. IDSTROM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-cv-2013-JAR-TJJ |
| | ) |
| GERMAN MAY, PC, CHARLES W. | ) |
| GERMAN, BRANDON J.B. | ) |
| BOULWARE, DANIEL HODES, and | ) |
| JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Strike (ECF No. 33). Specifically, Defendants ask the Court to strike several paragraphs from Plaintiff's Complaint because "they are immaterial in light of this Court's August 30, 2019"[1] order granting in part Defendants' motion to dismiss, and that responding to the dismissed claims "would place an undue burden" on them.[2] Plaintiff has filed a response in opposition arguing Defendants have already filed their Answer to his Complaint, so the motion to strike is moot, and further, removing the dismissed paragraphs "could be construed as Plaintiff waiving his appellate rights with regard to the dismissed claims, which he has not done."[3] For the reasons discussed below, the Court denies the motion.

On August 30, 2019, the Court dismissed Counts II and III of Plaintiff's Complaint, leaving Plaintiff's legal malpractice claim in Count I as the sole remaining claim. However, the Court noted deficiencies with Count I and stated: if Plaintiff "seek[s] to amend his Complaint to address the defects with respect to his legal malpractice claim, he is directed to file for leave to

---

[1] ECF No. 33 at 1.

[2] *Id.* at 3.

[3] ECF No. 34 at 1–2.

amend under D. Kan. Rule 15.1 **within fourteen (14) days of the date of this Order.**"[4] Plaintiff never sought leave to amend his Complaint. Defendants sought and received an extension of time to answer Plaintiff's Complaint, which they did on September 20, 2019,[5] prior to filing the motion at issue and after the 14-day deadline for Plaintiff to request leave to amend had passed.

Defendants contend the paragraphs in Counts II and III have no possible relation to Plaintiff's remaining claim under Count I and should be stricken. The only authority Defendants cite in support of their position is Fed. R. Civ. P. 12(f), and an Eastern District of Tennessee case noting that courts have found "the *resubmission* of previously-dismissed counts to be immaterial."[6] Plaintiff cites no authority for his position.

The Court finds the order of dismissal was clear—Counts II and III are dismissed with prejudice, and if Plaintiff wanted to amend Count I of his Complaint to address the deficiencies noted in the order, he needed to do so within 14 days of the order. Plaintiff chose not to seek leave to amend his Complaint. Nothing in Judge Robinson's order *required* Plaintiff to amend his Complaint, and Defendants cite no authority to suggest Plaintiff was required to amend his complaint to include only Count I. The authority Defendants do cite relates to resubmission of dismissed claims. Plaintiff did not resubmit any claims and will be precluded from reasserting the dismissed claims at trial by the order of dismissal. Further, Fed. R. Civ. P. Rule 12(f) is permissive, not mandatory.[7] Additionally, Defendants have already answered Plaintiff's Complaint, so any alleged hardship is moot.

---

[4] ECF No. 29 at 36–37 (emphasis in the original).

[5] ECF No. 32.

[6] ECF No. 33 at 2–3 (quoting *W. Lumber, LLC v. Burke-Parsons-Bowlby, Corp.*, No. 4:09-CV-52, 2011 WL 144926, at *3) (E.D. Tenn. Jan. 18, 2011) (emphasis added)).

[7] "The court *may* strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Emphasis added).

Finally, Defendants request that the Court strike 77 paragraphs/subparagraphs scattered throughout the Complaint, including some in the factual background section, without any showing that those factual allegations are immaterial to Count I. The Court will not require Plaintiff to edit his Complaint in that fashion. For all these reasons, Defendants' motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Strike (ECF No. 33) is denied.

**IT IS SO ORDERED.**

Dated October 24, 2019, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge